UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

WALLYS TINEO,

Defendant.

20-cr-405 (SHS)

OPINION & ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

Defendant Wallys Tineo has moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1). Tineo is currently serving a 78-month term of imprisonment for conspiracy to distribute narcotics.

Section 3582(c)(1)(A), the "compassionate release" statute, permits a court to reduce a defendant's sentence if 1) "extraordinary and compelling reasons warrant such a reduction"; 2) the reduction would be consistent with the factors set forth in section 3553(a), *see* 18 U.S.C. § 3582(c)(1)(A); and 3) the reduction would be consistent with any applicable policy statements issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).[1]

Tineo's motion fails because he has not shown "extraordinary and compelling reasons" meriting a sentence reduction, and any reduction would not be consistent with the section 3553(a) factors. Tineo argues that the negligent medical care he has received in prison, his post-sentencing conduct, harsh prison conditions, family circumstances, and the threat of COVID-19 combine to meet the exacting "extraordinary and compelling reasons" standard. *Id.* at 2. The Court will address each of Tineo's points in turn.

First, Tineo contends that he has received negligent medical care while incarcerated at FCI Schuylkill. The Court takes this complaint seriously. Indeed, at the time of sentencing this Court recommended to the Bureau of Prisons ("BOP") that it provide Tineo with all appropriate medical care, especially for his dental, asthma, and knee issues. (ECF No. 31, at 2) However, upon review of Tineo's BOP medical records, which have been filed under seal, it is clear that Tineo has repeatedly failed to attend scheduled "callouts" to receive the medical treatment that he requested. The medical staff at FCI Schuylkill responded to each of Tineo's requests within a reasonable period of time; it is up to Tineo to avail himself of

---

[1] A defendant must also exhaust his administrative remedies prior to bringing suit. Tineo has done so. (Def.'s Mot., ECF No. 39, at 1)

1

the services offered, but he has failed to show up for a "callout" or an appointment on at least five occasions.

Second, Tineo urges that the allegedly harsh conditions of his confinement contribute to a finding that extraordinary and compelling reasons justify a sentence reduction. However, the only support he provides for that contention is that inmates have been placed on lockdown multiple times throughout the pandemic. Although the Court recognizes that COVID-19 has presented significant hardships for incarcerated individuals, periodic lockdowns are not uncommon in prison for security, health, or other reasons. In the absence of any information as to the number of lockdowns during Tineo's incarceration, or their length, or the reasons for these measures, the Court is unable to find that the presence of lockdowns constitutes an extraordinary or compelling circumstance.

Third, Tineo contends that he has excelled in his rehabilitation efforts: he has been taking career development classes and is close to earning his GED. While admirable, "a productive institutional record while incarcerated ... is what is expected," United States v. Saleh, No. 93CR181, 2020 WL 3839626, at *4 (S.D.N.Y. July 8, 2020), and is not a basis for a sentence reduction.

Fourth, Tineo argues that his mother's mental health issues, and the emotional support he could provide if he were released, weigh in favor of sentence reduction. (ECF No. 39, Ex. C) Although inmates' family members undoubtedly face hardships while their loved ones are incarcerated, family circumstances themselves do not satisfy the extraordinary and compelling reasons standard. In *United States v. John,* for example, the district court concluded that the statute only "authorizes release where the family circumstances are truly 'extraordinary and compelling,' and not merely the inevitable circumstances families face when a family member is incarcerated. Being separated from your wife and children and unavailable to care for aging parents are but two of the sad and inevitable consequences of incarceration."). 2020 U.S. Dist. LEXIS 210355, at *7 (S.D.N.Y. Nov. 9, 2020).

Finally, Tineo claims that he is at particular risk of serious illness because he has asthma and there are more than 100 cases of COVID-19 at FCI Schuylkill. Tineo's medical records show that he began complaining of asthma in April of this year. The medical staff at FCI Schuylkill did a pulmonary examination and found that Tineo did not need an inhaler at that time. A follow-up examination yielded the same result. Furthermore, FCI Schuylkill currently has just three positive cases of COVID-19 among staff and zero cases among inmates. *BOP: COVID-19 Update,* Fed. Bureau Prisons, https://www.bop.gov/coronavirus/ (last updated Oct. 28, 2022). While this Court does not dispute the gravity of the COVID-19 pandemic, numerous courts have found that "the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release." *United States v. Nwankwo,* No. 12-cr-31, 2020 WL 2490044, at *1 (S.D.N.Y. May 14, 2020).

In sum, the Court finds that the conditions Tineo proffers do not constitute extraordinary and compelling reasons for a sentence reduction either separately or in tandem.

Next, even if the Court were to determine that "extraordinary and compelling reasons" exist here, a reduction in Tineo's sentence would not be consistent with the section 3553(a) factors. These factors require the Court to consider, *inter alia*, "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," as well as "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." 18 U.S.C. § 3553(a)(2)(A), (a)(4)(A).

In this case, a reduction in Tineo's sentence would not comport with the section 3553(a) factors. Tineo sold over 500 grams of cocaine for a drug trafficking organization and later threatened to kill an individual whom he believed was cooperating with law enforcement. ("Presentence Investigation Report," ECF No. 22, at 5-7) He was sentenced to the low end of the Sentencing Guidelines range—78 months—and has served less than half his sentence. Releasing Tineo at this time would neither reflect the seriousness of his offense nor provide just punishment as required under section 3553(a).

Tineo has not shown that a reduction in his sentence is warranted. Not only has he failed to demonstrate the "extraordinary and compelling reasons" that would justify a reduction, but such a reduction would be inconsistent with the factors set forth in 18 U.S.C. § 3553(a). Accordingly, Tineo's motion for a sentence reduction is denied. The Clerk of Court is directed to mail a copy of this Order to defendant as follows: Wallys Tineo [91295-054], FCI Schuylkill, P.O. Box 759, Minersville, PA 17954-0759.

Dated: New York, New York
October 28, 2022

SO ORDERED:

*Sidney H. Stein*

Sidney H. Stein, U.S.D.J.